UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Diana Skarphol, Brian Hove, Kevin Hove, Jason Hove, Celeste Knudsen, Maynard Iverson, Marlene Friedt, Ione Schmidt, Elaine Iverson, Leon Iverson, Alan Iverson, Myron Iverson, David Iverson, Phyllis Iverson, Shana Iverson-Fried, Joann Enger, Susan Belden, Duane Simpson, Wanda Black, Yvonne Iverson, Ashley Iverson, Melody Iverson,<br><br>                Plaintiffs,<br><br>   v.<br><br>Amerada Hess Corporation, Hess Corporation, Hess Bakken Investments II, LLC, and Hess Tioga Gas Plant LLC,<br><br>                Defendants. | Civil No. 1:21-cv-00228-DMT-CRH |

**RESPONSE BRIEF IN OPPOSITION TO MOTION TO REMAND**

### INTRODUCTION

The key question presented by Plaintiffs' Motion to Remand (Doc. No. 7) is whether Plaintiffs fraudulently joined Defendant Hess Tioga Gas Plant LLC ("Hess TGP") in order to deprive this Court of jurisdiction. Under the standards set forth by the Eighth Circuit, the answer is "yes." This Court therefore has diversity jurisdiction over this action and Plaintiffs' motion should be denied.

As a threshold matter, Plaintiffs mistakenly argue that Defendants waived their right to remove this action by requesting a change of judge in the North Dakota state-court action. This argument is directly contrary to Eighth Circuit precedent, which has explained that only seeking

"adjudication on the merits" constitutes a waiver of the right to remove. *PR Grp., LLC v. Windmill Int'l, Ltd.*, 792 F.3d 1025, 1026 (8th Cir. 2015).

Moreover, where there is no colorable cause of action against a forum defendant (here, Hess TGP), the forum defendant has been "fraudulently joined" under Eighth Circuit precedent and removal is proper. *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031–32 (8th Cir. 2012). As Defendants explained in their notice of removal, Hess TGP has nothing to do with Plaintiffs' claims in this lawsuit. Doc. No. 1, at ¶¶ 11–14. This suit is based on an alleged contractual relationship that does not include Hess TGP. While alleging that Defendants underpaid royalties required by certain oil and gas leases, the Complaint itself alleges that Hess TGP's only purported involvement was charging another Hess entity for costs. That allegation is not at issue—Plaintiffs still would be asserting the same claims on the same theories if there were no alleged invoicing—and an alleged intra-Hess transaction plainly does not give rise to any cause of action belonging to *Plaintiffs*. The Complaint does not allege that Hess TGP had any interaction or communication whatsoever with Plaintiffs. And Plaintiffs' motion, which relies on assertions that are both conclusory and not drawn from the Complaint or evidence, only highlights that they lack a colorable cause of action against Hess TGP. Their motion should be denied.

## PROCEDURAL BACKGROUND

Plaintiffs commenced this action in North Dakota state court (Williams County District Court, Northwest Judicial Division) in December 2021, alleging that they are party to oil and gas lease agreements with one or more Defendants. Compl. ¶ 2, Doc. No. 1-3. The Summons and Complaint were served on December 2, 2021. *See* Doc. No. 1-5. All Defendants jointly and timely filed a notice of removal on December 30, 2021, invoking this Court's diversity jurisdiction. Doc. No. 1. Plaintiffs filed the present motion to remand on January 28, 2022. Doc. No. 7.

**LEGAL STANDARD**

A defendant's right to remove to federal court "'cannot be defeated by a fraudulent joinder of a resident defendant.'" *Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007); *see also Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003) (when a plaintiff has "joined a non-diverse party as a defendant in its state case," the defendant "may avoid remand … by demonstrating that the non-diverse party was fraudulently joined"). Joinder is considered fraudulent when there is "'no reasonable basis in fact or law'" supporting the claims against the defendant. *Murphy*, 699 F.3d at 1031. "Subsequent amendment of a complaint cannot defeat removal." *Masepohl v. Am. Tobacco Co., Inc.*, 974 F. Supp. 1245, 1249–50 (D. Minn. 1997) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

**ARGUMENT**

As an initial matter, Plaintiffs' argument that Defendants waived their right to remove by filing a demand for change of judge in state court, Doc. No. 7, at ¶ 9, is simply wrong. As the Eighth Circuit has explained, "[t]he right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits." *PR Grp., LLC*, 792 F.3d at 1026 (quotation marks omitted). Because a demand for change of judge plainly does not seek an "adjudication on the merits," Defendants did not waive their right to remove.

On the merits, removal was proper because there is no reasonable basis in fact or law for Plaintiffs' claims against Hess TGP, and thus Hess TGP was "fraudulently joined" under Eighth Circuit precedent, which means that this Court has diversity jurisdiction over this action.[1]

---

[1] Plaintiffs spend nearly half their brief arguing that removal was inappropriate because Hess TGP's principal place of business is in North Dakota, but the citizenship of a fraudulently joined defendant is irrelevant. Moreover, as a limited liability company, the citizenship of Hess TGP's members—not its principal place of business—determines its citizenship. *See E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015). Because the citizenship of Hess TGP

3

Fraudulent joinder occurs when a plaintiff has asserted a claim against a defendant that is "frivolous or otherwise illegitimate" in order to prevent removal. *Filla*, 336 F.3d at 809. This occurs when there is no reasonable basis in fact or law to impose liability under state law against the joined defendant. *Id.* Here, the only substantive allegation against Hess TGP in the Complaint is an allegation that Hess TGP charged certain costs to "another Hess entity" and that a different Defendant, Amerada Hess Corporation, then "illegally and fraudulently charged" Plaintiffs. *See* Compl. ¶ 8. The Complaint does not (and cannot) allege that Hess TGP entered a contract with Plaintiffs, owed Plaintiffs a duty of care, or had any interaction with Plaintiffs at all.

In the absence of a contractual relationship, oil and gas purchasers and processors generally are not liable to third parties claiming underpayment. For instance, gas purchasers have no contractual or equitable liability to gas producers for breach of the purchaser's contract with an intervening refiner when there is no contract between the purchaser and producer. *See BTA Oil Producers v. MDU Res. Grp., Inc.*, 642 N.W.2d 873 (N.D. 2002). Likewise, the obligation for payment of a lease royalty rests with the lessee. *See* 3 Williams and Meyers, *Oil and Gas Law* § 656. North Dakota law does not impose a general duty on a gas purchaser or processor to ensure correct payment of a lease royalty. *See id.*

Here, Hess TGP has no relationship with Plaintiffs, contractual or otherwise. Hess TGP has never owned any interest in oil and gas leases covering Plaintiffs' mineral interests. *See* Frailey Decl. ¶ 5.[2] Hess TGP has never operated any wells or units producing oil or gas from Plaintiffs'

---

members depends on the citizenship of various third parties, Hess TGP has not been able to determine its citizenship.

[2] Because subject-matter jurisdiction is at issue, the Court may consider material beyond the Complaint's allegations. *See, e.g.*, *Vang v. PNC Mortg., Inc.*, 517 F. App'x 523, 525 (8th Cir. 2013) (courts may "examine material beyond the complaint's allegations to 'determine if there is any factual support' for the claims against [an] allegedly fraudulently joined defendant."); *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (same); *Kongelf v. Sears Holding Corp.*,

mineral interests, including but not limited to any wells producing from the Beaver Lodge Devonian Unit identified in the Complaint. *Id*. Hess TGP is not and has never been a party to any unitization agreement for the Beaver Lodge Devonian Unit or any other unitization agreement for oil and gas development. *Id*. Hess TGP has never paid or calculated Plaintiffs' royalties or charged costs or deductions to Plaintiffs' royalties. *Id*. Hess TGP has never requested that Plaintiffs sign any division orders concerning their mineral interests. *Id*. Hess TGP has never taken title to any oil or gas produced from the wells producing from the Beaver Lodge Devonian Unit. *Id.* To the extent that any Defendant undertook any of these activities, the Defendant was Amerada Hess Corporation n/k/a Hess Corporation, Hess Corporation, or Hess Bakken Investments II, LLC.

Plaintiffs clearly do not have a cause of action to sue Hess TGP for invoicing another Hess entity. *See, e.g.*, *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). And an allegation that "**Amerada Hess Corporation** … illegally and fraudulently charged [Plaintiffs]," Compl. ¶ 8 (emphasis added), obviously does not give rise to a claim against **Hess TGP**. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (the alleged injury cannot be "the result of the independent action of some third party" (alterations omitted)).[3] Plaintiffs' clear

---

2010 WL 1977833, at *4 (D.N.D. 2010), *report and recommendation adopted*, 2010 WL 11627810 (D.N.D. 2010) (collecting cases for the proposition that in the fraudulent-joinder context the court "may consider facts outside the pleadings presented by either party").

[3] Each of the Complaint's claims is based on alleged acts taken only by *other* Defendants, and the Frailey Declaration establishes that Hess TGP played no part in these alleged acts:

| Claim | Basis | Lack of Connection to Hess TGP |
|---|---|---|
| Breach of Contract | "Defendants breached their contracts with Plaintiffs." Compl. ¶ 12. | The Complaint does not allege a contractual relationship between Plaintiffs and Hess TGP, and none exists. |

5

lack of injury from any alleged conduct of Hess TGP underscores that they named Hess TGP solely to avoid this Court's jurisdiction.[4]

Plaintiffs' motion, which spends just two short paragraphs on the dispositive question of fraudulent joinder, only reinforces that conclusion. Plaintiffs assert that Hess TGP "is complicit with other defendants in defrauding Plaintiff[s]" and that Defendants improperly charged Plaintiffs "through [Hess TGP]." Doc. No. 7, at ¶¶ 5–6. But they do not cite the Complaint for those assertions, because the Complaint does not actually make those assertions. *See Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("axiomatic" that complaint may

| Fraud | "Defendants misrepresented the effect of … various Division Orders presented to Plaintiffs." Compl. ¶ 16. | The Complaint does not allege that Hess TGP misrepresented the effect of any division order, and Hess TGP has never presented any division order to Plaintiffs. |
|---|---|---|
| Breach of Duty | "[A]s the payor of royalties, [Defendants] owe Plaintiffs a duty of good faith and fair dealing." Compl. ¶ 18. | The Complaint does not allege that Hess TGP was the payor of royalties, and it was not. Additionally, the Complaint does not allege any action of Hess TGP that possibly could have breached any such duty. |
| Conversion | "Defendants wrongfully converted portions of Plaintiffs' royalty interests when they wrongfully and fraudulently charged improper costs to Plaintiffs[]." Compl. ¶ 24. | The Complaint does not allege that Hess TGP charged any costs to Plaintiffs, and it did not. Additionally, Hess TGP never held title to any oil or gas produced from Beaver Lodge Devonian Unit. |

---

[4] That the Complaint includes Hess TGP simply to game jurisdiction is confirmed by Hess TGP's relative prominence in the Complaint's Jurisdiction section versus its Statement of Facts. In its Jurisdiction section, the Complaint spends three paragraphs on Hess TGP's alleged corporate structure and citizenship and the view that Hess TGP's joinder means "complete diversity does not exist" and "mak[es] the case non-removable." Compl. ¶¶ 4–6. But in its Statement of Facts, the Complaint's only mention of Hess TGP is a single vague assertion that clearly is not actionable. *Id.* ¶ 8. The Complaint's focus on Hess TGP solely with respect to jurisdiction reflects that Plaintiffs joined Hess TGP solely to avoid this Court's jurisdiction.

not be amended by brief). The Complaint, rather, explains that Hess TGP's alleged role was invoicing another Hess entity. Compl. ¶ 8. Moreover, even if the Complaint did contain the assertions Plaintiffs now make in their motion, bare assertions that a defendant "is complicit" and that misconduct occurred "through" the defendant are far too conclusory to sustain a cause of action. *See, e.g.*, *Block v. Toyota Motor Corp.*, 665 F.3d 944, 950 (8th Cir. 2011) (no reasonable basis in fact or law to support claim because allegations were "conclusory"). Because there is no reasonable basis in law or fact for Plaintiffs' claims against Hess TGP, their joinder of Hess TGP is fraudulent and diversity of citizenship exists.[5]

## CONCLUSION

Defendants respectfully request that the Court deny Plaintiffs' motion to remand, and respectfully request any further relief to which they may be justly entitled.

DATED this 18th day of February, 2022.

    */s/ Paul J. Forster*
Paul J. Forster (ND ID #07398)
pforster@crowleyfleck.com
Zachary R. Eiken (ND ID #07832)
zeiken@crowleyfleck.com

CROWLEY FLECK PLLP
Attorneys for Defendants
100 West Broadway Ave., Suite 250
P.O. Box 2798
Bismarck, North Dakota 58502-2798
Phone: (701) 223-6585

---

[5] Plaintiffs attach two cases, *see* Doc. No. 7, at ¶ 7, but both are inapposite. In *Harris v. MLB Consulting, LLC*, the court concluded that there was no fraudulent joinder when the plaintiff alleged that the home-forum defendant was liable for injuries he sustained in a gas-leak explosion because the defendant owed a duty to protect him, knew about the leak, failed to warn him, and failed to repair the leak. *Id.*, Ex. C at 2, 6, 8. No such allegations against Hess TGP exist here. And in *Vail v. Oxy USA WTP LP*, the defendants did not assert fraudulent joinder at all. 2014 WL 3428977 (S.D. Tex. 2014).