IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Diana Skarphol, Brian Hove, Kevin Hove, Jason Hove, Celeste Knudsen, Maynard Iverson, Marlene Friedt, Ione Schmidt, Elaine Iverson, Leon Iverson, Alan Iverson, Myron Iverson, David Iverson, Phyllis Iverson, Shana Iverson-Fried, Joann Enger, Susan Belden, Duane Simpson, Wanda Black, Yvonne Iverson, Ashley Iverson, Melody Iverson,<br><br>        Plaintiffs,<br><br>    vs.<br><br>Amerada Hess Corporation, Hess Corporation, Hess Bakken Investments II, LLC, and Hess Tioga Gas Plant LLC,<br><br>        Defendants, | **ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND**<br><br><br><br><br><br><br><br>Case No. 1:21-cv-228 |

Before the Court is the Plaintiff's related motion for remand (Doc. No. 7) and the issue of whether Defendant Hess Tioga Gas Plant LLC ("Hess TGP") was fraudulently joined as a Defendant. The issue has been fully briefed and the parties have supplemented the record as requested by the Court. See Doc. No. 21. For the reasons set forth below the Plaintiffs' motion for remand is granted.

I.  **BACKGROUND**

The Plaintiffs initiated this breach of contract action in North Dakota state court alleging that wrongful deductions had been taken from their lease royalties. See Doc. No. 1-3. The Defendants removed the action on December 30, 2021, asserting the existence of diversity jurisdiction. See Doc. No. 1. In their notice of removal, the Defendants acknowledged they had been unable to establish the citizenship of Hess TGP, but they asserted the Plaintiffs had fraudulently joined the company, such that

1

Hess TGP's citizenship cannot be utilized to deprive this Court of jurisdiction. A first amended complaint was filed on June 9, 2022. See Doc. No. 19.

For diversity purposes, the Plaintiffs are citizens of North Dakota, Oregon, Colorado, and Michigan. See Doc. No. 1, p. 2-3. Defendants Amerada Hess Corporation and Hess Corporation are the same corporate entity. Hess Corporation is a citizen of Delaware and New York. See Doc. No. 1, p. 3. Hess Bakken Investments II, LLC is also a citizen of Delaware and New York. See Doc. No. 1, p. 3-4. Defendant Hess TGP is, at a minimum, a citizen of North Dakota. See Doc. No. 21, p. 3.

On January 28, 2022, the Plaintiffs filed a motion to remand, arguing removal was improper based on the citizenship of Hess TGP. See Doc. No. 7. The Defendants responded they were unable to determine the citizenship of Hess TGP because its citizenship depends on the citizenship of various third parties. See Doc. No. 10, p. 3-4 n.1. On September 15, 2022, the Court (Judge Daniel Traynor) entered an Order requesting additional information concerning Hess TGP's citizenship. See Doc. No. 20. In compliance with the Court's Order, the parties submitted a joint status report and stipulation on November 11, 2022. See Doc. No. 21. The joint status report and stipulation reveals that Hess TGP's citizenship includes the citizenship of the owners of shares that are publicly traded, and the parties stipulated this includes at least one citizen of North Dakota for diversity purposes. The parties agreed in their stipulation that "the remaining jurisdictional question for the Court is whether Hess TGP was fraudulently joined." See Doc. No. 21, ¶ 6. The case was reassigned to the undersigned on October 25, 2023. See Doc. No. 26.

## II. LEGAL DISCUSSION

The parties dispute whether Defendant Hess TGP was fraudulently joined in this action. It is

undisputed that the presence of Hess TGP in this action destroys diversity. Absent a finding of fraudulent joinder by the Court, remand to state court where the action was commenced is required.

When a plaintiff brings a civil action in state court, a defendant may remove the action to federal court when the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); 28 U.S.C. §§ 1332 and 1441(a). A case may be removed from state court to federal court only if the action originally could have been filed in federal court. In re Prempro Prod. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010). Complete diversity means no defendant holds citizenship in the same state where any plaintiff holds citizenship. Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC, 932 F.3d 1102, 1104 (8th Cir. 2019). A corporation, including an alien corporation, is deemed to be a citizen of its state or place of incorporation and the state or place where it has its principal place of business. Id.; 28 U.S.C. § 1332(c)(1); In re Arrowhead Cap. Mgmt. LLC Class Litig., 712 F. Supp. 2d 924, 929 (D. Minn. 2010). It is well settled that an LLC's citizenship is that of its members for diversity jurisdiction purposes. GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). The citizenship of a limited liability company is the citizenship of each of its members. OnePoint Solutions, 486 F.3d at 346. It is likewise settled that a limited partnership's citizenship is the citizenship of each of its partners. Carden v. Arkoma Assocs., 494 U.S. 185, 189 (1990). "Because a member of a limited liability company may itself have multiple members–and thus may itself have multiple citizenships–the federal court needs to know the citizenship of each 'sub-member' as well." Delay v. Rosenthal Collins Grp., LLC, 585 F.3d 1003, 1005 (6th Cir. 2009).

Following removal of a case to federal court, a plaintiff can seek remand of the action to state court if it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing party

bears the burden of showing removal was proper by a preponderance of the evidence. In re Prempro Prod. Liab. Litig., 591 F.3d at 620. All doubts concerning removal must be resolved in favor of remand. Id. "It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 764 (8th Cir. 2001).

A federal court has a duty to assure itself that the threshold requirement of subject matter jurisdiction has been met in every case. Bradley v. American Postal Workers Union, AFL–CIO, 962 F.2d 800, 802 n. 3 (8th Cir.1992). Federal courts are courts of limited jurisdiction, and it is presumed that jurisdiction is lacking until the party claiming jurisdiction demonstrates otherwise. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Subject matter jurisdiction cannot be waived, and if it appears the subject matter jurisdiction is lacking, the court is obligated to consider the issue *sua sponte*. James Neff Kramper Family Farm P'ship v IBP, Inc., 393 F.3d 828, 834 (8th Cir. 2005); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

"The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1031 (8th Cir. 2012), as corrected (Nov. 28, 2012). Fraudulent joinder is defined as"the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003). A defendant's right to remove to federal court "'cannot be defeated by a fraudulent joinder of a resident defendant.'" Simpson v. Thomure, 484 F.3d 1081, 1083 (8th Cir. 2007). The burden is on the removing party to demonstrate joinder was fraudulent. Filla, 336

4

F.3d at 809.  Joinder is considered fraudulent when there is "'no reasonable basis in fact or law'" supporting the claims against the defendant.  Murphy, 699 F.3d at 1031.  "If there is a "colorable" cause of action-that is, if the state law *might* impose liability on the resident defendant under the facts alleged-then there is no fraudulent joinder."  Filla, 336 F.3d at 810.  Reasonableness is the paramount consideration.  Id.  A colorable cause of action is one that reasonable, but speculative.  Id. at 810 n.10. "Subsequent amendment of a complaint cannot defeat removal."  Masepohl v. Am. Tobacco Co., Inc., 974 F. Supp. 1245, 1249–50 (D. Minn. 1997) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)).

In this case, the complaint contains claims for (1) breach of contract, (2) fraud, (3) breach of duty, (4) conversion, and (5) forfeiture of leases.  See Doc. No. 1-3.  The Defendants contend that joinder was fraudulent because Hess TGP is not a party to the oil and gas leases which form the basis of the Plaintiffs' claims.  The Plaintiffs maintain that Hess TGP and the other Hess Defendants conspired to charge the Plaintiffs improper post-production costs to process gas in order to recoup the costs of building, operating, and maintaining the Hess Tioga Gas Plant.  The Plaintiffs further explain they believe the Hess Defendants are closely intertwined and in many respects the same entity and operated by the same members.  There seems little question that the gas produced by the Plaintiffs' leases was processed at Hess TGP beginning in or around 2014, and those costs were deducted from the Plaintiffs' royalties.  The complaint describes the scheme as follows:

> From 1949 until 2007, no costs associated with production were charged to the royalty owners.  Beginning in 2007, minimal costs were charged to the royalty owners until 2014 when new, never before charged costs were assessed against the royalty owners. Again in 2015, and 2016, royalty interests were charged excessive costs of production that were never agreed to by Plaintiffs.  Coincidentally, in 2014, Defendant completed construction of the Hess Tioga Gas Plant, a gas processing plant outside Tioga, North Dakota.  It is believed that a percentage of the cost for this plant was charged by one Hess company, Hess Tioga Gas Plant LLC, to another Hess entity and that Amerada

>   Hess Corporation, then illegally and <u>fraudulently charged the royalty owners for their share or a percentage of the share of the costs for either construction or operation of the plant</u> or a combination of the two.

<u>See</u> Doc. No. 1-3, ¶ 8 (emphasis added).

While not a model of clarity, the complaint includes claims against Hess TGP for fraud and conversion. It is undisputed that North Dakota law recognizes such claims. In addition, the citizenship of Hess TGP was not established until November of 2022. The complaint was filed in state court in December of 2021. The Plaintiffs likely suspected the presence of Hess TGP would destroy diversity, but as this case has demonstrated, the citizenship of an LLC is not so easy to determine. The number of Hess entities involved in the ownership of Hess TGP and Hess Bakken Investments II, LLC is remarkable and lends credence to the Plaintiffs' claims and theories. <u>Compare</u> Doc. No. 1, ¶ 7 and Doc. No. 21, ¶ 3. That no costs were charged to the royalty owners between 1949 and 2007; that minimal charges were imposed from 2007 until 2014; and that after completion of the Hess Tioga Gas Plant in 2013-2014, post-production costs rose significantly, also lends credence to the claims against Hess TGP. The Court concludes the Plaintiffs claims against Hess TGP are colorable. With diversity incomplete, the Court lacks jurisdiction.

### III.   CONCLUSION

The Court has carefully reviewed the entire record and relevant case law and concludes the Court lacks subject matter jurisdiction due to a lack of complete diversity. <u>See</u> 28 U.S.C. § 1447(c). The Plaintiffs' motion for remand (Doc No. 7) is **GRANTED**. The Court **ORDERS** this case be **REMANDED** to the District Court for the Northwest Judicial District, Williams County, North Dakota.

**IT IS SO ORDERED.**

Dated this 15th day of December, 2023.

                                                  */s/ Daniel L. Hovland*
                                                  Daniel L. Hovland, District Judge
                                                  United States District Court